*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-1347**

State of Minnesota,
Respondent,

vs.

Christopher Robert Politano,
Appellant.

**Filed July 6, 2026
Affirmed
Reyes, Judge**

Washington County District Court
File No. 82-CR-24-4815

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Kevin Magnuson, Washington County Attorney, Andrew Jackola, Assistant County Attorney, Stillwater, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Reyes, Judge; and Bratvold, Judge.

**NONPRECEDENTIAL OPINION**

**REYES**, Judge

Following his convictions of felony fifth-degree assault and felony domestic assault, appellant argues that the district court erred by convicting him of both counts because felony fifth-degree assault is an included offense of felony domestic assault. We affirm.

**FACTS**

Respondent State of Minnesota charged appellant Christopher Robert Politano with felony domestic assault in violation of Minnesota Statutes section 609.2242, subdivision 4 (2024) (count I), and felony fifth-degree assault in violation of Minnesota Statutes section 609.224, subdivision 4(b) (2024) (count II), arising from an incident in which appellant choked his girlfriend. A jury found appellant guilty of both counts. The district court convicted appellant of both counts but imposed a sentence only on count I because it determined that the convictions arose from the same behavioral incident.

This appeal follows.

**DECISION**

Appellant argues that the district court erred by convicting him of both fifth-degree assault and felony domestic assault because "fifth-degree assault is an included offense of felony domestic assault." He contends that it was impossible for him to commit felony domestic assault without also committing fifth-degree assault. The state agrees with appellant. Based on our review of the statutes defining these offenses, we do not agree. *See State v. Beganovic*, 991 N.W.2d 638, 644 n. 2 (Minn. 2023) (appellate courts are responsible "to decide cases in accordance with law") (quotation omitted).

"Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both." Minn. Stat. § 609.04, subd. 1 (2024). As relevant here, an "included offense" is "a crime necessarily proved if the [greater offense] were proved." *Id.*, subd. 1(4). "Whether a conviction violates section 609.04 is a legal

2

question that this court reviews de novo." *State v. Bonkowske*, 957 N.W.2d 437, 443 (Minn. App. 2021).

Appellate courts assess whether an offense is an included offense under section 609.04, subdivision 1(4), by examining whether "it is impossible to commit the greater offense without committing the lesser offense." *State v. Bertsch*, 707 N.W.2d 660, 664 (Minn. 2006). In doing so, we "examine[] the elements of the offense instead of the facts of the particular case." *Id.*

We begin by examining the elements of the two offenses. A person commits felony domestic assault by violating "the provisions of [section 609.2242] or section 609.224, subdivision 1, within ten years of the first of any combination of two or more previous qualified domestic violence-related offense convictions." Minn. Stat. § 609.2242, subd. 4.

A person commits felony fifth-degree assault by violating "the provisions of subdivision 1 within three years of the first of any combination of two or more" domestic-violence convictions. Minn. Stat. § 609.224, subd. 4(b).

Section 609.224, subdivision 1, to which both sections 609.224 and 609.2242 refer, states that a person commits an assault when they "(1) commit[] an act with intent to cause fear in another of immediate bodily harm or death; or (2) intentionally inflict[] or attempt[] to inflict bodily harm upon another." Minn. Stat. § 609.224, subd. 1.

A careful review of the elements of each offense reveals that felony domestic assault is not a crime necessarily proved if felony fifth-degree assault were proved. Appellant was convicted of felony fifth-degree-assault, in violation of section 609.224, subdivision 4(b), which requires that the actor have two or more domestic-violence convictions within three

years without reference to the identity of the victim. However, a felony domestic-assault conviction requires only two or more domestic-violence convictions within ten years. Minn. Stat. § 609.2242, subd. 4. A person could, for example, be convicted of domestic violence for acts committed against two different victims seven years apart, thereby committing felony domestic assault without committing felony fifth-degree assault. As a result, felony fifth-degree assault is not an included offense of felony domestic assault under section 609.04, subdivision 1(4).[1] We therefore conclude that the district court did not err by convicting appellant of both count I and count II.

**Affirmed.**

---

[1] Appellant references as persuasive authority our nonprecedential opinion in *State v. McIntyde* for the proposition that fifth-degree assault is an included offense of domestic assault. 2017 WL 2625553, at *3 (Minn. App. June 19, 2017), *rev. denied (*Minn. Sept. 19, 2017). In *McIntyde*, we concluded that "[f]ifth degree assault, under Minn. Stat. § 609.224, subd. 1(1), is necessarily proved if domestic assault, under Minn. Stat. § 609.2242, subd. 1(1), is proved." *Id.* We are not persuaded by our reasoning in *McIntyde* because our analysis here is of different subdivisions of the statutes, leading to a different conclusion.